# EXHIBIT GG

DEF. 14A

87 06 1730

## Merrill Lynch

RECEIVED
MAR 2 3 1987
102
SEC MAIL / PROCESSING / WASH. D.C. SECTION

# Proxy Statement

Notice of the
Annual Meeting of Stockholders
to be held April 24, 1987

Merrill Lynch & Co., Inc.
Corporate Conference Training Center
Plainsboro, New Jersey

# 1987

RECEIVED

MAR 27 1987

Bechtel Information Services
Gaithersburg, Maryland

Merrill Lynch & Co., Inc.

One Liberty Plaza
165 Broadway
New York, New York 10080

# PROPOSED AMENDMENT TO ML & CO.'S
## RESTATED CERTIFICATE OF INCORPORATION

*Summary:* Because of the increasing unavailability of acceptable directors' and officers' liability insurance, the Delaware legislature recently amended the Delaware General Corporation Law (the "Corporation Law"), under which ML & Co. is organized, to authorize a corporation, with stockholder approval, to limit the personal liability of directors for monetary damages for certain breaches of their fiduciary duties. Pursuant to such amendment to the Corporation Law, the proposed amendment (the "Amendment") to ML & Co.'s Restated Certificate of Incorporation (the "Certificate") contains a provision (the "Limitation of Liability Provision") that would effectively eliminate personal liability of ML & Co.'s directors for breach of their duty of care, but not for, among other things, breach of their duty of loyalty or intentional misconduct. The Board believes that the Limitation of Liability Provision will assist ML & Co. in continuing to attract and retain as directors the most experienced and capable individuals. The Amendment also contains a provision (the "Indemnification Provision") that would, among other things: provide for indemnification of indemnified persons to the full extent permitted by law; make advancement of litigation expenses to directors and officers of ML & Co. mandatory rather than at the discretion of the Board; clarify that directors and officers of subsidiaries of ML & Co. are entitled to indemnification; and make indemnification of employees and agents of ML & Co. and its subsidiaries discretionary rather than mandatory. Finally, the Amendment contains a provision (the "Insurance Provision") that would eliminate the need for Board action regarding the purchase and maintenance of directors' and officers' liability insurance and would explicitly authorize the purchase and maintenance of such insurance on behalf of any director, officer, employee, or agent of any subsidiary of ML & Co. <u>The Board has considered no alternative proposals concerning the limitation of directors' liability, the indemnification of directors, officers and others, or insurance</u>.

ML & Co.'s Board of Directors unanimously recommends that the stockholders adopt the Amendment, which sets forth a new Article XIII containing the three provisions summarized above and more fully described below. The full text of the proposed new Article XIII is set forth as Exhibit B to this Proxy Statement. Stockholders are urged to read such proposed Article XIII carefully before voting on the Amendment.

## Limitation of Liability Provision

*Background:* Directors of publicly held companies may be subject to substantial personal liability for certain actions taken or omitted by them in their capacity as directors, as well as to significant expense in defending their conduct. The Corporation Law has traditionally recognized the need to provide protection for directors against the risk of having their personal resources subject to liabilities incurred by them in their capacity as directors, and therefore provides for indemnification of directors in certain circumstances. The Corporation Law also authorizes corporations to obtain insurance to protect directors from liabilities, including liabilities for which the corporation cannot provide indemnification.

In the past few years, however, insurance has become an inadequate means of protecting directors of publicly held corporations from liability for actions taken by them in their capacity as directors.

16

There have been dramatic changes in the market for directors' and officers' liability insurance that have made it very difficult and often impossible for many corporations to obtain such insurance. Fewer insurance carriers offer directors' and officers' liability insurance, and many carriers that do offer such insurance have, in certain cases, declined to renew policies. To the extent that such insurance is available, the scope and amount of coverage has been decreasing, and the cost has been rising significantly.

The Delaware legislature has stated that it considers the unavailability of directors' and officers' liability insurance a threat to the quality and stability of the governance of Delaware corporations because of the unwillingness of directors, in many instances, to continue to serve without the protections traditionally available to them against claims arising out of their service and, in other instances, because of the deterrent effect on entrepreneurial decision making by directors who do serve in such circumstances. As a result, the Delaware legislature amended Section 102 of the Corporation Law to permit a Delaware corporation to provide additional protection for its directors by including in the corporation's certificate of incorporation a provision eliminating or limiting the personal liability of its directors to the corporation or its stockholders for monetary damages for certain breaches of their fiduciary duties as directors.

*Description and Effect:* If the Amendment is adopted, the Limitation of Liability Provision would limit the liability of directors to ML & Co. or its stockholders to the full extent permitted by the Corporation Law. The Limitation of Liability Provision would eliminate personal liability of directors to ML & Co. or its stockholders for monetary damages for breach of fiduciary duty as a director, except for: (i) any breach of the duty of loyalty to ML & Co. or its stockholders; (ii) acts or omissions not in good faith or that involve intentional misconduct or a knowing violation of law; (iii) liability under Section 174 of the Corporation Law relating to certain unlawful dividend payments, stock purchases, and redemptions; or (iv) any transaction from which the director derived an improper personal benefit. The Limitation of Liability Provision also provides that any repeal or modification of the limitations on liability set forth in the Limitation of Liability Provision would not apply to acts or omissions of directors that occurred before such repeal or modification. The Limitation of Liability Provision further provides that in the event the Corporation Law is subsequently amended to permit the further limitation or elimination of the personal liability of directors, then the liability of directors of ML & Co. will be limited or eliminated to the full extent permitted by the Corporation Law, as amended from time to time, without the need for further stockholder action.

The effect of the Limitation of Liability Provision would be to eliminate the personal liability of directors for violations of the directors' fiduciary duty of care, which, as interpreted by the courts, generally requires that, when acting on behalf of the corporation, directors must exercise an informed business judgment. To exercise an informed business judgment, directors must have informed themselves of all material information reasonably available to them and, having become so informed, must have acted with requisite care in the discharge of their duties. Absent adoption of the Limitation of Liability Provision, under Delaware case law, directors can generally be held liable for gross negligence in the exercise of their duty of care, but cannot be held liable for simple negligence. The Limitation of Liability Provision would not eliminate or change the duty of care owed by directors; rather, as authorized by the Corporation Law, it would bar the award of monetary damages for a breach of that duty. The Limitation of Liability Provision would not, however, limit the

17

availability of equitable remedies, such as an injunction or rescission, based on a director's breach of the duty of care.

The Limitation of Liability Provision would not apply to claims against a director arising out of actions taken in his capacity as an officer, if he is also an officer, or limit or affect the stockholders' ability to seek and obtain relief under any laws other than the Corporation Law, including the Federal securities laws. In addition, the Limitation of Liability Provision would have no effect on claims of third parties, such as creditors of ML & Co. The Limitation of Liability Provision is only prospective in effect; it would not limit the liability of a director for acts or omissions occurring prior to its adoption by the stockholders.

Because the amendment to Section 102 of the Corporation Law authorizing the limitation of director liability has only recently been enacted, the scope of such amendment has not yet been subject to judicial interpretation. Courts could rule, under various legal theories, that certain liabilities that the new law purports to eliminate remain, notwithstanding the adoption of an amendment to a corporation's certificate of incorporation pursuant to the new law. The coverage of the Limitation of Liability Provision will extend only so far as is legally permitted.

*Board of Directors' Reasons for Recommending Adoption.* ML & Co. provides for the indemnification of directors of ML & Co and currently has liability insurance coverage for its directors. ML & Co. intends to continue such liability insurance coverage if the Limitation of Liability Provision is adopted. From 1985 to 1986, however, ML & Co.'s cost of coverage increased threefold and the scope of its coverage narrowed. In September 1987, ML & Co.'s current directors' and officers' liability insurance will expire, requiring ML & Co. to renegotiate premiums and coverage. Based on today's expectations, it is possible that once again ML & Co. will face an increase in premium costs and a reduction of coverage. Moreover, at present there are only 4 or 5 major insurance carriers (all with limited capacity) that sell directors' and officers' liability insurance to large financial institutions. ML & Co. cannot, therefore, be assured that it will be able to renew its present insurance policies, that the cost thereof will not become prohibitive, or, if its present coverage is not renewed or does become prohibitively expensive, that similar coverage will be available elsewhere.

The Limitation of Liability Provision is designed to assure that, even if the scope and amount of insurance coverage continues to decrease or insurance coverage becomes unavailable, ML & Co.'s directors will have protection from liability similar to the protection they have had in the past. Moreover, while there is no assurance of reductions in rates or increases in available coverage as a result of adoption of provisions such as the Limitation of Liability Provision, the Board believes that adoption of such provisions by ML & Co. and other corporations may have a favorable impact, over the long term, on the availability, cost, amount, and scope of directors' and officers' liability insurance because exposure to liability would be decreased.

The purpose of the Limitation of Liability Provision is to enable ML & Co. to attract and retain qualified persons to serve as directors. It should also be noted, however, that the directors have a personal interest in the adoption of the Limitation of Liability Provision in that it is they who will

18

receive the benefits of the added protection it provides. Stockholders are being asked to give up their right to bring a claim against directors for monetary damages for breach of their fiduciary duty of care, even if the directors exercise their business judgment in a grossly negligent manner when considering, for example, acquisition proposals or similar transactions. Adoption of the Limitation of Liability Provision may reduce the likelihood of derivative litigation against directors and may discourage or deter stockholders or management from bringing a lawsuit against directors for breach of their duty, even though such an action, if successful, might otherwise have benefited ML & Co. and its stockholders.

The Limitation of Liability Provision is not being proposed in response to any resignation or threatened resignation or refusal to serve by any member or potential member of the Board of Directors, and the Board is not aware of any pending or threatened claim against ML & Co.'s directors that would be affected by the Limitation of Liability Provision were it in effect at the time of the act or omission that gave rise to such claim.

The Board believes that the Limitation of Liability Provision strikes the proper balance between, on the one hand, the need to attract and retain the best possible directors and, on the other hand, the need to hold directors accountable to ML & Co. and its stockholders for actions that are not in ML & Co.'s best interest. Thus, the Limitation of Liability Provision would enable directors to serve without unwarranted concern that their personal assets will be subjected to liabilities disproportionate to their remuneration for serving as directors, while still discouraging actions taken in bad faith. The Board also believes that the diligence exercised by directors stems primarily from their desire to act in the best interests of ML & Co., not from a fear of monetary damage awards. Consequently, the Board believes that the level of scrutiny and care exercised by directors will not be lessened by the adoption of the Limitation of Liability Provision.

## Indemnification Provision

*Background:* Section 145 of the Corporation Law ("Section 145") permits a Delaware corporation, under certain circumstances, to indemnify any person who is or was serving as a director, officer, employee, or agent of the corporation or who is or was serving, at the request of the corporation, as a director, officer, employee, or agent of any other enterprise. Generally, Section 145 permits indemnification in cases where the indemnified person acted in good faith and in a manner that he reasonably believed was in, or not opposed to, the best interest of the corporation and, in a criminal action, only if the indemnified person had no reasonable cause to believe that his conduct was unlawful. In the case of a third party claim (*i.e.*, a claim other than by or in the right of the corporation), Section 145 authorizes indemnification for judgments, fines, and amounts paid in settlement, as well as expenses. In the case of a claim by or in the right of a corporation (including stockholder derivative suits), indemnification does not cover judgments or amounts paid in settlement, but is limited to expenses. No indemnification of expenses is permitted if the indemnified person is adjudged liable to the corporation, unless a court determines that, despite such adjudication but in view of all the circumstances, such indemnification of expenses is nonetheless proper. Section 145 also provides that any rights granted by Section 145 are not exclusive of any other rights to which those seeking indemnification may be entitled under any bylaw, agreement, vote of stockholders, or otherwise. Insofar as indemnification for liabilities arising under the

19