)

## UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF NEW YORK

IN RE: AOL TIME WARNER                    MASTER FILE NO. 02-CV-6302
SHAREHOLDER LITIGATION

This Document Relates to All Actions

WILLIAM FULLERTON and                     Civil Action No. 03 CV 9860
HARDING WILLINGER,
Derivatively on Behalf of Nominal
Defendant TIME WARNER, INC.,

    Plaintiffs,

    v.

JAMES L. BARKSDALE, et al.

    Defendants,

    and                          <u>JURY TRIAL DEMANDED</u>

TIME WARNER, INC.,

    Nominal Defendant.

---

### ████████ PRE-TRIAL ORDER NO. 2

NOW, this 26 day of May_____, 2004, upon the Motion of Plaintiffs

Fullerton and Willinger to Modify Unopposed Pre-Trial Order No. 1, it is hereby ORDERED that

in the interests of judicial economy and the materially differing legal and factual positions of the

various plaintiffs relative to Nominal Defendant Time Warner, Inc., formerly known as AOL

Time Warner, Inc. ("TW"):

    1.    The Motion of Plaintiffs Fullerton and Willinger is GRANTED.

## MASTER FILE, MASTER DOCKET AND SEPARATE ACTION DOCKETS

2.    The caption of this action shall be "Time Warner Shareholder Derivative Litigation" and the files of this action shall be maintained in one file under Master File No. 02-CV-6302. Any other shareholder derivative actions now pending or hereafter filed in this District which arise out of the same facts as alleged in the above-identified cases shall be coordinated for all purposes if, as, and when they are drawn to the Court's attention.

3    A Master Docket and a Master File are hereby established for the consolidated proceedings in all of the actions to be coordinated herein and in all other cases filed in, or transferred to this Court and coordinated herewith (hereinafter the "Consolidation Actions"). Entries in said Master Docket shall be applicable to the Coordinated Actions as more fully set forth below. Separate dockets shall also be maintained for each of these Coordinated Actions, and entries shall be made therein in accordance with the regular procedures of the Clerk of this Court, except as modified by this Order.

4.    When a pleading is filed and the caption, pursuant to ¶9, _infra_, shows that it is to be applicable to "All Actions," the Clerk shall file such pleading in the Master File and note such filing in the Master Docket. No further copies need be filed or docket entries made.

5.    When a pleading is filed and the caption, pursuant to ¶9, _infra_, shows that it is to be applicable to fewer than all of these coordinated actions (_e.g._ to individual actions; actions by TW shareholders who made demands on TW's Board of Directors), the Clerk need file such pleading only in the Master File but nonetheless shall note such filing in both the Master Docket and the docket of each such action.

2

## NEWLY FILED OR TRANSFERRED ACTIONS

6. When a case which properly belongs as part of Time Warner Shareholder Derivative Litigation is hereafter filed in this Court, or transferred here from another Court and assigned to Judge Kram, the Clerk of this Court shall:

(a) Place a copy of this Order in the separate file for such action.

(b) Mail to the attorneys for the plaintiff(s) in the newly-filed or transferred case a copy of this Order and direct that this Order be served upon or mailed to any new defendant(s) in the newly-filed or transferred case, or their counsel.

(c) Make an appropriate entry in the Master Docket. This Court requests the assistance of counsel in calling to the attention of the Clerk of this Court the filing or transfer of any cases which might properly be coordinated as part of Time Warner Shareholder Derivative Litigation.

7. This Pre-Trial Order No. 2 shall supersede Pre-Trial Order No. 1 and shall apply to each of the shareholder derivative actions presently on file or which shall be subsequently filed in this Court or transferred to this Court which is related to Time Warner Shareholder Derivative Litigation unless a party objecting to the coordination of such case or to any other provision of this Order shall, within 10 days after the date upon which a copy of this Order is mailed to counsel for such party, file an application for relief from this Order or any provision herein, and this Court deems it appropriate to grant such application.

3

## CAPTION OF CASES

8.    Every pleading filed in this action, or in any actions subsequently consolidated

herewith shall bear the following caption:

### UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TIME WARNER SHAREHOLDER DERIVATIVE LITIGATION | Master File No. 02-CV-6302 (SWK) |

This Document Relates To:

---

9.    When a pleading is intended to be applicable to all actions to which this Order is

applicable, the words "All Actions" shall appear immediately after the words "This Document

Relates To:" in the caption set out above. When a pleading is intended to be applicable only to

some, but not all, of such actions, this Court's docket number for each individual action to which

the paper is intended to be applicable and the last name of the first-named plaintiff in said action

shall appear immediately after the words "This Document Related To:" in the caption described

"02-CV6302."

### APPOINTMENT OF LIAISON AND LEAD COUNSEL

10.    The leadership structure of plaintiffs' conduct of these actions and in any actions

subsequently coordinated herewith, shall consist of:

### NO "DEMAND" CASES

Liaison and Lead Counsel in the cases where no demand has been made on TW's Board of

Directors pursuant to Rule 23.1, Fed.R.Civ.P as set forth below:

LEE S. SHALOV (LS 7118)
SHALOVE STONE & BONNER
485 Seventh Avenue (Suite 1000)
New York, NY 10018
(212) 239-4340

4

Plaintiffs' Liaison Counsel
("No Demand" Cases)

JOHN G. EMERSON, JR.
THE EMERSON FIRM
P.O. Box 25336
Little Rock, AR 72221-5336
(501) 907-2555
(501) 907-2556 (fax)

Plaintiffs" Lead Counsel
("No Demand" Cases)

## "DEMAND" CASES

Co-Lead Counsel in the cases where demand(s) have been made on TW's Board of Directors

pursuant to Rule 23.1, Fed.R.Civ.P:

MORRIS AND MORRIS LLC
COUNSELORS AT LAW
Karen L. Morris (KM-2814)
1105 N. Market Street, Suite 803
Wilmington, DE 19801
(302) 426-0400
(302) 426-0406 (fax)

GREENFIELD & GOODMAN LLC
Richard D. Greenfield (RG-4046)
24579 Deep Neck Road
Royal Oak, MD 21662
(410) 745-4149
(410) 745-4158 (fax)

Plaintiffs' Co-Lead Counsel
("Demand" Cases)

11.     Plaintiffs' Liaison Counsel in the "No Demand" Cases also shall be

available and responsible for communications to and from this Court, including the

distribution to counsel of Orders and other directions from the Court. Plaintiffs' Liaison

Counsel shall be responsible for the creation and maintenance of a master service list of all parties and their respective counsel.

12. Plaintiffs' Lead Counsel in the respective "Demand" and "No Demand" cases shall have authority to speak for plaintiffs in matters regarding pre-trial procedure and settlement negotiations in their respective cases, and shall make all work assignments in such manner as to facilitate the orderly and efficient prosecution of this litigation and to avoid duplicative or unproductive effort.

13. Plaintiffs' respective Lead Counsel shall be responsible for the coordination of all activities and appearances on behalf of plaintiffs in their respective "Demand" and "No Demand" cases, and for the dissemination of notices and orders of this Court. No motion, request for discovery, or other pre-trial proceedings shall be initiated or filed by any plaintiffs except through plaintiffs' Lead Counsel in the respective "Demand" and "No Demand" cases.

14. Defendants' counsel may rely upon all agreements made with plaintiffs' Lead Counsel in the respective "Demand" and "No Demand" cases (or other duly authorized representatives of the plaintiffs therein), and such agreements shall be binding on the respective plaintiffs.

15. Defendants shall effect service of papers on plaintiffs by serving a copy of same on plaintiffs' Lead Counsel in the respective "Demand" and "No Demand" cases by overnight mail service or hand delivery unless otherwise agreed. Plaintiffs shall effect service of papers on defendants by serving a copy of same on defendants' counsel by overnight mail service or hand delivery, unless otherwise agreed.

## SCHEDULE OF PROCEEDINGS

16. This case is related in some ways with the consolidated securities class actions pending before this Court as "IN RE AOL TIME WARNER, INC., SECURITIES LITIGATION" under No. 02-CV-5575 (SWK).

17. The "No Demand" cases are hereby stayed during the pendency of this Court's ruling in No. 02-CV-5575 (SWK) on any defendants' motion to dismiss the consolidated class action complaint in that action. In the event that the motion to dismiss the consolidated securities class action is denied, the stay of the "No Demand" shareholder derivative action shall be vacated thirty (30) days thereafter. Plaintiffs in the "No Demand" shareholder derivative actions shall then file an Amended Complaint ("Amended Complaint") no later than 75 days from the date of the entry of an order denying defendants' motion to dismiss the consolidated securities class action complaint in No. 02-CV-5575, unless otherwise agreed between the parties, which shall be deemed the operative complaint in the "No Demand" derivative cases, superseding all complaints filed in such cases, or any of the "No Demand" actions to be coordinated hereunder or in any related cases. Defendants shall have 60 days after the filing and service of the Amended Complaint in the "No Demand" cases to answer or otherwise respond thereto. In the event that defendants file any motions directed at the Amended Complaint, counsel are to meet and confer and report to the Court with regard to an acceptable briefing and hearing schedule for such motions.

18. With respect to the "Demand" case or cases, the parties thereto are directed to meet and confer with respect to whether defendants will respond to the

PAGE 08          WHITEHAT NORTH          4187454158     11:01  11/28/2004

Complaint at this time, move against it or present to the Court some other proposal for

further proceedings.

SHIRLEY WOHL KRAM
UNITED STATES DISTRICT COURT
JUDGE

dated: May 25, 2004
New York, N-/

Submitted by:

January 20, 2004

MORRIS AND MORRIS LLC
COUNSELORS AT LAW

Karen L. Morris (KM-2814)          /EAM/
1105 N. Market Street, Suite 803
Wilmington, DE 19801
(302) 426-0400
(302) 426-0406 (fax)

GREENFIELD & GOODMAN LLC

Richard D. Greenfield (RG-4049)          /RZM/
24579 Deep Neck Road
Royal Oak, MD 21662
(410) 745-4149
(410) 745-4158 (fax)

ANN MILLER, LLC
Ann Miller
834 Chestnut Street, Suite 206
Philadelphia, PA 19107
(215) 238-0468
(215) 574-0699 (fax)

Counsel for Plaintiffs Fullerton and Willinger